IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:04-cr-367-HEH |
| | ) | |
| WAYNE L. LEWIS, | ) | |
| | ) | |
| Petitioner. | ) | |

<u>**MEMORANDUM OPINION**</u>
(Denying Petitions for Writs of Error Coram Nobis)

Petitioner Wayne L. Lewis ("Lewis"), a federal inmate proceeding *pro se* has submitted multiple Petitions for Writs of Error Coram Nobis ("Petitions for Writs of Error Coram Nobis," ECF No. 59, 60, 61). The Government has responded. (ECF No. 63.) For the reasons set forth below, the Petitions for Writs of Error Coram Nobis will be denied.[1]

I. PROCEDURAL HISTORY

On November 17, 2004, a federal grand jury in the Eastern District of Virginia returned a five-count indictment against Lewis. (Dkt. No. 3). On April 27, 2005, Lewis pled guilty to possession with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a) and (b)(1)(B) (Count One) and possession of a firearm

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.
   For submissions filed in *United States v. Lewis*, 3:15cr144 (E.D. Va.), the Court will cite to the document simply as Case No. 3:15cr144 followed by the ECF number. Documents available on the paper, rather than electronic docket, will be cited to as "Dkt." without a pinpoint cite.

in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Five), and the Court dismissed the remaining counts. (Dkt. Nos. 15–17.) On August 4, 2005, the Court sentenced Lewis to 60 months imprisonment on Count One and 60 months imprisonment on Count Five, to run consecutive, and imposed four (4) years of supervised release on each count, to run concurrently. (Dkt. No. 22.)

On May 21, 2008, Lewis filed a motion seeking retroactive application of the sentencing guidelines to a "crack" cocaine offense, pursuant to 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines Amendments 706 and 711. (Dkt. No. 27.) On June 18, 2008, the Court denied Lewis's § 3582 motion because his sentence was based on the mandatory minimum sentence required by the statute, not on the United States Sentencing Guidelines. (Dkt. No. 30.)

On August 18, 2015, a federal grand jury in the Eastern District of Virginia charged Lewis with two counts of aiding and abetting in Hobbs Act robbery. (Case No. 3:15-cr-144, ECF No. 1, at 1–2.)

On September 4, 2015, Lewis was charged in a petition for violating his federal supervised release in Case No. 3:04-cr-367. (ECF No. 31.) The petition alleged that Lewis had violated the terms of his supervised release in light of the above-described charges of Hobbs Act robbery and a separate August 21, 2015 conviction for possession of heroin in the Circuit Court for the City of Richmond. (*Id.* at 2.)

On October 8, 2015, Lewis entered into a Plea Agreement, wherein he agreed to plead guilty to Count Two of the Indictment that charged aiding and abetting in Hobbs Act robbery. (Case No. 3:15cr144, ECF Nos. 18–20). As part of the Plea Agreement, the

2

United States agreed to drop Count One of the Indictment and also agreed that it would not seek a sentence outside of the applicable guideline range on Count Two. (Case No. 3:15cr144, ECF No. 19 ¶¶ 2, 9). Additionally, the United States agreed to recommend, *inter alia*, that:

>   (b)   the defendant's term of imprisonment run concurrent to any sentence imposed in a related pending supervised release violation in criminal matter 3:04cr367-HEH;
>   (c)   a four-point specific offense characteristic adjustment will be imposed due to the use of a dangerous weapon during the robbery, pursuant to U.S.S.G. § 2B3.1(b)(2)(D);
>   (d)   a two-point reckless endangerment during flight enhancement will be imposed, pursuant to U.S.S.G. § 3C1.2;
>   (e)   any facts related to Count One of the Indictment should not be considered for purposes of relevant conduct . . . .

(Case No. 3:15-cr-144, ECF No. 19 ¶ 2.)

On January 8, 2016, this Court sentenced Lewis on Count Two to the high end of the applicable guideline range, 71 months of incarceration and three years of supervised release. (Case No. 3:15cr144, ECF No. 29–32.). On the same day, Lewis admitted to both violations of supervised release in Case No. 3:04-cr-367. (ECF No. 40.) Despite the Government's recommendation to run Lewis's supervised release sentence concurrent, pursuant to the 2015 Robbery Plea Agreement, the Court sentenced Lewis to six (6) months of imprisonment, to run consecutive to his underlying robbery conviction in Case No. 3:15-cr-144. (*Id.* at 2.)

On January 21, 2016, Lewis filed a notice of appeal related to his supervised release sentence in Case No. 3:04-cr-367. (ECF No. 41).

3

On July 7, 2016, Lewis filed a motion pursuant to 28 U.S.C. § 2255, complaining of his lawyer's ineffective assistance of counsel in his 2015 case. (Case No. 3:15cr144, ECF Nos. 33–34.)

On October 27, 2016, the Fourth Circuit issued an unpublished *per curiam* opinion affirming Lewis's six (6) month supervised release sentence in the present case. (ECF No. 51.)

On July 7, 2017, this Court issued a Memorandum Opinion and Order denying Lewis's pending § 2255 Motion. (Case No. 3:15cr144, ECF Nos. 54–55.) On August 14, 2017, Lewis appealed the denial of his § 2255 Motion. (Case No. 3:15cr144, ECF No. 56.) On January 19, 2018, the Fourth Circuit issued an unpublished *per curiam* opinion denying Lewis a certificate of appealability and dismissed his appeal from his § 2255 Motion. (Case No. 3:15cr144, ECF No. 58.)

On March 4, 2020, Lewis filed a motion to reduce sentence, pursuant to the First Step Act in Case No. 3:15cr144. (Case No. 3:15cr144, ECF No. 70.)

On November 16, 2020, Lewis filed a motion seeking compassionate release in this case. (ECF No. 57.)

On May 5, 2021, Lewis was released from the custody of the Bureau of Prisons. (ECF No. 58.) As of his release, Lewis had no further sentencing obligations in Case No. 3:04-cr-367.

On October 6, 2021, the Court denied all of Lewis's pending motions as moot in light of his release from the Bureau of Prisons on May 5, 2021. (ECF No 58; Case No. 3:15-cr-144, ECF No. 89.)

On December 3, 2021, the Court issued a petition on supervised release, in Case No. 3:15cr144, alleging that Lewis had violated the terms of his supervised release. (Case No. 3:15cr144, ECF No. 90, at 2–4.) Thereafter, the Court issued multiple addendums to Lewis's petition on supervised relief. (Case No. 3:15cr144, ECF Nos. 97, 101, 104.)

On February 16, 2022, the Court conducted a hearing on the alleged supervised release violations. (*See* Case No. 3:15cr144, ECF No. 102.) At the hearing, Lewis admitted to violations in the Petition and Addenda. (3:15cr144, ECF No. 103, at 1.) The Court found that Lewis had violated the terms of his supervised release. (*Id.* at 1–2.) Nevertheless, the Court accepted the recommendation of the Government and defense counsel and continued Lewis on supervised release and set a status hearing for May 18, 2022. (3:15cr144, ECF No. 103, at 2.)

Following the February 16, 2022 hearing, Lewis continued to violate the terms of his supervised release. (3:15cr144, ECF No. 106, at 2.) Accordingly, on May 18, 2022, the Court held a hearing, determined that Lewis had violated the conditions of his supervised release and sentenced him to the custody of the Bureau of Prisons for five (5) months. (3:15cr144, ECF No. 106, at 2.) No additional term of supervised release followed this term of imprisonment. (3:15cr144, ECF No. 106, at 2.)

On June 6, 2022, Lewis filed a 28 U.S.C. § 2255 Motion challenging the sentence imposed on his supervised release violation in Case No. 3:15cr144. (Case No. 3:15cr144, ECF No. 107, at 1.) "Lewis was released from incarceration for the supervised release violation in [Case No. 3:15cr144] as of December 16, 2022, while the § 2255 Motion was

5

pending." (Case No. 3:15cr144, ECF No. 116, at 1 (citing ECF No. 115).) By Memorandum Opinion and Order entered on March 28, 2023, the Court dismissed the § 2255 Motion because it was "moot and successive." (3:15-cr-144, ECF No. 116, at 1.)

On April 2, 2024, Lewis was charged in an indictment in this Court with one count of possession of a firearm and ammunition by a convicted felon. (Case No. 3:24-cr-61, ECF No. 1, at 1.)

In July of 2024, Lewis filed his Petitions for Writs of Error Coram Nobis in this case. (ECF Nos. 59–61.)

## II. WRIT OF ERROR CORAM NOBIS

### A. Lewis's Arguments as to Why He Is Entitled to Relief

Lewis's arguments for coram nobis relief are neither particularly clear nor persuasive. Lewis contends that he was entitled to have his sentence on Count One in Case No. 3:04-cr-367 reduced pursuant to the First Step Act. (ECF No. 59, at 1.) Specifically, Lewis states:

> In 2020, Lewis filed a motion to reduce – First Step Act ECF No. 54. In Government's response they agreed that Lewis fit the criteria for a person serving time for a covered offense. Lewis was released from prison without any relief and motion was dismissed as moot, *see* ECF No. 58. Because Lewis served time for a class B felony violation his sentence was illegal and void. Lewis also states that if his sentence was calculated correctly in 2008, he would have not been on probation and his then sentence could have been properly computed. . . . Because Lewis still faces an enhanced sentence he still faces and ongoing consequence from now illegal sentence.

(ECF No. 60, at 1.) Lewis suggests that with his supervised release term reduced to less than four (4) years, he would have been off supervised release prior to his 2015 Hobbs Act robbery and state drug offenses, and therefore would have not received any term of

6

imprisonment related to his supervised release violations in Case No. 3:04-cr-367 at a 2015 supervised release hearing.

### B. Availability of a Petition for Writ of Coram Nobis

An individual seeking coram nobis relief must satisfy four threshold prerequisites:

> First, a more usual remedy (such as habeas corpus) must be unavailable; second, there must be a valid basis for the petitioner having not earlier attacked his convictions; third, the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement; and, finally, the error that is shown must be "of the most fundamental character."

*Bereano v. United States*, 706 F.3d 568, 576 (4th Cir. 2013) (quoting *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012)). As explained below, Lewis fails to satisfy the fourth requirement because the error of which he complains is not an error much less one of a "most fundamental character." *See id.*

### C. Lewis Fails to Demonstrate any Fundamental Error

Lewis claims that under the First Step Act, his conviction on Count One in Case No. 3:04-cr-367 should not have been classified as a Class B felony for purposes of determining his term of supervised release.[2] Rather, Lewis apparently contends that under the First Step Act, his conviction on Count One should have been classified as a

---

[2] As explained by the United States Court of Appeals for the Seventh Circuit:

> Class A felonies are those with a maximum prison sentence of life. 18 U.S.C. § 3559(a)(1). Class B felonies are those with a maximum term of 25 years or more (but less than life). *Id.* § 3559(a)(2). Class C felonies are those with a maximum term of 10 to 25 years in prison. *Id.* § 3559(a)(3). And, finally, class D felonies are those whose maximum is less than ten but five or more years. *Id.* § 3559(a)(4).

*United States v. Cotton*, 108 F.4th 987, 990 (7th Cir. 2024).

7

lessor class of felony and therefore he would not have been on supervised release at the time he committed new offenses in 2015.³ Lewis is simply mistaken that the First Step Act provides a basis for reclassifying completed offenses. "The text of the First Step Act makes clear that it operates on extant sentences, not the classification of completed offenses . . . ." *United States v. Payne*, 54 F.4th 748, 752 (4th Cir. 2022). Furthermore, Lewis also received a four-year term of supervised on Count Five. Lewis fails to advance any plausible reason for reducing that term of supervised release. Because Lewis has not demonstrated any error, much less one of a fundamental character, Lewis's Petitions for Writs of Error Coram Nobis (ECF Nos. 59, 60, 61) will be denied.

An appropriate Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: April 14, 2025
Richmond, Virginia

---

³ The relevant statute provides:

> **(b) Authorized terms of supervised release.**—Except as otherwise provided, the authorized terms of supervised release are—
> (1) for a Class A or Class B felony, not more than five years;
> (2) for a Class C or Class D felony, not more than three years; and
> (3) for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year.

18 U.S.C. § 3583.

8